# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL VANLEEUWEN AND RODNEY OMANOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>KEYUAN PETROCHEMICALS, INC. CHUNFENG TAO, AICHUN LI a/k/a AICHUN ANGELA LI, ANGELA LI and ANGELA AICHUN LI, WEIFENG XUE, and DELIGHT REWARD LIMITED,<br><br>Defendants. | CASE No.: 1:13-cv-06057 (PAC) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated April 27, 2015 is submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs Neil Vanleeuwen and Rodney Omanoff (collectively, the "Lead Plaintiffs"), on behalf of themselves and the members of the settlement class, and Keyuan Petrochemicals, Inc. ("Keyuan"), Chunfeng Tao ("Tao"), and Aichun Li ("Li") (collectively the "Settling Defendants"), by and through their respective counsel.

1.      WHEREAS, a class action complaint styled *Peter Cheung, et al. v. Keyuan Petrochemicals, Inc., et al.*, Case No. 2:11-cv-09495-PSG-JCG, alleging violations of federal

securities laws against Defendants was filed in the United States District Court for the Central District of California and assigned to Judge Philip S. Gutierrez;

2.     WHEREAS, by Order dated March 28, 2012, Judge Gutierrez appointed Neil Vanleeuwen as Lead Plaintiff on behalf of open market purchasers of Keyuan common stock;

3.     WHEREAS, by Order dated August 13, 2013, Judge Gutierrez appointed Rodney Omanoff as Lead Plaintiff for purchasers of Keyuan securities pursuant to the confidential offering memorandum dated March 22, 2010, consisting of purchasers in the first tranche that closed on April 22, 2010, and the second tranche that closed on May 18, 2010;

4.     WHEREAS, on May 20, 2013, Lead Plaintiffs filed the operative Third Amended Complaint ("TAC") against Keyuan, Tao, Li, Wiefeng Xue, and Delight Reward Limited.

5.     WHEREAS, on August 28, 2013, the action was transferred to the United States District Court for the Southern District of New York, where it was given the new case number 1:13-cv-06057 (PAC) and assigned to Judge Paul A. Crotty;

6.     WHEREAS, on February 19, 2014, Lead Plaintiffs' Counsel and counsel for Defendants participated in a full-day mediation conference with the Honorable Edward A. Infante (Ret.).  At and following the mediation, the participants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit in this Stipulation;

7.     WHEREAS, in recognition of the attendant risks and costs of continued litigation and the benefits of resolving this litigation, the parties hereto desire to settle and resolve any and all actual and/or potential claims by, between, or among "Plaintiffs" (as defined below), on the one hand, and "Defendants" (as defined below), on the other hand, arising out of or relating to the subject matter of this action as alleged in the "Litigation" (as defined below).  Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or be

deemed to be evidence of, an admission or concession on the part of any the Defendants with respect to any actual or potential claim, liability, wrongdoing, loss or damage whatsoever, or any infirmity in the defenses that Defendants have asserted, and by entering into this Stipulation and Settlement the Defendants do not intend to waive, and are not waiving, any defenses available to them.  This Stipulation also shall not be construed as or be deemed to be a concession by the Lead Plaintiffs of any infirmity in the claims asserted in the Litigation.  The parties to this Stipulation (the "Settling Parties") wish to settle and compromise any dispute between them regarding the Litigation and its subject matter, including but not limited to whether the Litigation was filed by Lead Plaintiffs and defended by Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure.  The Settling Parties agree that the Litigation is being voluntarily settled after advice of counsel and that the terms of the Settlement are fair, adequate, and reasonable;

8.     WHEREAS, Lead Plaintiffs' Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation.  Lead Plaintiffs' Counsel has analyzed the facts and the applicable law with respect to the claims of the Lead Plaintiffs against Defendants and the potential defenses thereto, which in the Lead Plaintiffs' judgment has provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein;

9.     WHEREAS, based upon the investigation and analysis conducted by Lead Plaintiffs' Counsel, Lead Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs, and in their best interests, and Lead Plaintiffs have agreed to settle the claims asserted in the Litigation pursuant to the terms and conditions of this Stipulation, after considering:  (a) the substantial benefits that Plaintiffs will

receive from settlement of the Litigation; (b) the attendant risks of continued litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

10. WHEREAS, Lead Plaintiffs filed an action in the United States District Court for the District of New Jersey on behalf of themselves and the Settlement Class Members (as defined below) against Keyuan's former auditors, Patrizio & Zhao LLC, P&K CPAs LLC, Xinggeng (John) Zhao, and John G. Patrizio (the "Auditor Defendants"), alleging violations of the federal securities laws encompassing the alleged transactions, statements and omissions that are the basis for the claims in this Litigation. That action is styled as *Omanoff, et al. v. Patrizio & Zhao LLC*, *et al.*, No. 14-CV-00723-FSH-JBC (the "Auditor Case").

11. WHEREAS, this Stipulation and Settlement is not intended to and does not release Patrizio & Zhao LLC, P&K CPAs LLC, Xinggeng (John) Zhao, and John G. Patrizio from the claims asserted against them by Lead Plaintiffs in the Auditor Case.

12. WHEREAS, a shareholder derivative action styled as *Kretowicz c. Tao, et al.*, No. 1:14-cv-00918 (PAC) has been filed in the U.S. District Court for the Southern District of New York (the "Derivative Case").

13. WHEREAS, this Stipulation and Settlement is not intended to and does not release the claims asserted by the shareholder plaintiff in the Derivative Case.

14. NOW THEREFORE, without any admission or concession on the part of the Lead Plaintiffs of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of any of the Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever,

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by Lead Plaintiffs and the Settlement Class Members against the Released Parties (as defined below) shall be compromised, settled, released, and dismissed with prejudice as provided in this Stipulation and Agreement of Settlement, without costs as to Plaintiffs or Defendants, upon and subject to the following terms and conditions:

## A.    CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.      "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Lead Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

2.      "Authorized Claimant" means any "Claimant" (as defined below) whose claim for recovery under the Settlement has been allowed pursuant to the terms of the Stipulation or by order of the Court.

3.      "Award to Lead Plaintiffs" means any award by the Court to Lead Plaintiffs of reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

4.      "Claimant" means any Settlement Class Member who files a "Proof of Claim and Release" (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

5.      "Claims Administrator" means the accounting and claims administration firm appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

6.      "Court" means the United States District Court for the Southern District of New York.

7.      "Discovery Materials" means all documents exchanged between Keyuan and Patrizio & Zhao LLC between January 1, 2009 through Keyuan's termination of Patrizio & Zhao LLC on January 17, 2011.

8.      "Defendants" means Keyuan Petrochemicals, Inc., Chunfeng Tao, Aichun Li, Weifeng Xue, and Delight Reward Limited.

9.      "Effective Date" means the date on which all of the conditions set forth below in paragraph K.1. shall have been satisfied and the Court's Order and Final Judgment, substantially in the form of Exhibit B hereto, becomes "Final."   The Court's Order and Final Judgment shall be deemed to be "Final" when either of the following has occurred:  (a) if no appeal or review is sought by any person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after the Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and the Order and Final Judgment is no longer subject to any further judicial review.

10.      "Escrow Account" means the separate interest-bearing account to be established by the Escrow Agent to hold the Gross Settlement Fund pending the date the Order and Final Judgment becomes Final.  The Escrow Account shall be managed by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

11.     "Escrow Agent" means the Claims Administrator or its duly appointed agent(s). The Escrow Agent shall perform the duties assigned to it as set forth in this Stipulation and/or by order of the Court.

12.     "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

13.     "Lead Plaintiffs" means Neal Vanleeuwen and Rodney Omanoff.

14.     "Lead Plaintiffs' Counsel" means The Rosen Law Firm, P.A.

15.     "Litigation" means the action styled *Neil Vanleeuwen, et al. v. Keyuan Petrochemicals, Inc., et al.*, Case No. 1:13-cv-06057 (PAC) in the United States District Court for the Southern District of New York, formerly assigned Case No. 2:11-cv-09495-PSG-JCG in the United States District Court for the Central District of California, including all complaints, claims, causes of action, allegations, motions, and other papers filed therein.

16.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes and tax expenses; (iv) Award to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court.

17.     "Notice and Administration Account" means the portion of the Gross Settlement Fund maintained by Lead Plaintiffs' Counsel for payment of authorized Notice and Administration Expenses.  The Notice and Administration Account is not required to be in an account separate of the Escrow Account.

18.     "Notice and Administration Expenses" means all reasonable expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed settlement, and all expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include

7

Attorneys' Fees and Expenses through the Effective Date.  All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

19.     "Order and Final Judgment" means the order and judgment to be entered by the Court, including a Bar Order as set forth herein, approving the Settlement and dismissing the Litigation as against Defendants with prejudice and without costs to any party, in substantially the form attached hereto as Exhibit B.

20.     "Person" means any individual, corporation, partnership, joint venture, limited liability company, limited liability partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, and their respective spouses, heirs, predecessors, successors, affiliates, trustees, beneficiaries, owners, partners, principals, administrators, executors, legal representatives, and assigns.

21.     "Plaintiffs" means the Lead Plaintiffs and the Settlement Class Members.

22.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses.  Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no responsibility or liability with respect thereto.

23.     "Released Parties" means Keyuan Petrochemicals, Inc., Chunfeng Tao, Aichun Li, Weifeng Xue and Delight Reward Limited, as well as their current, former, and future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys,

8

consultants, experts, accountants, auditors, spouses, immediate family members, estates, trusts, trustees, insurers (including, but not limited to, Navigators Insurance Company and its attorneys), reinsurers, advisors, associates, and all other individuals and entities in which a Defendant has or had a controlling interest or which are or were related to or affiliated with any Defendant, and all of their current, former, and future legal representatives, executors, administrators, trustees, beneficiaries, heirs, successors-in-interest, and/or assigns, EXCEPT THAT Patrizio & Zhao LLC, P&K CPAs LLC, Xinggeng (John) Zhao, and John G. Patrizio (the named defendants in the Auditor Case) are not Released Parties.

24.     "Settled Claims" means any and all claims, debts, demands, liabilities, rights, obligations, disputes, controversies, injuries, harms, damages, losses, allegations, actions, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), at law or in equity, whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation of any nation or other governmental entity or unit, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, suspected or unsuspected, whether class or individual in nature, including both known claims and "Unknown Claims" (as defined below), held or arising out of events occurring at any time from the beginning of time through and including the date of execution of this Stipulation: (i) that have been asserted or could have been asserted in the Litigation by the Lead Plaintiffs and/or the Settlement Class Members, or any of them, against any of the Released Parties, including, without limitation, all claims relating to the statements that Plaintiffs allege in the Litigation were false or misleading, and/or any of the alleged acts, omissions, representations, facts, events, matters, transactions, losses, harms, damages, and/or

9

occurrences asserted in or relating to the Litigation, or otherwise alleged, asserted, or contended in the Litigation; and/or (ii) that arise out of, are connected with, or in any way relate to the holding, purchase, acquisition, sale or disposition of Keyuan securities by any of the Lead Plaintiffs and Settlement Class Members during the Settlement Class Period or pursuant to the confidential private offering memorandum dated March 22, 2010 (consisting of both the first tranche that closed on April 22, 2010 and the second tranche that closed on May 18, 2010). Settled Claims also include any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the Released Parties (including Unknown Claims that arise out of, relate to, or are in connection with the Settlement or resolution of the Litigation against the Released Parties), except claims to enforce any of the terms of this Stipulation, or any order or judgment of the Court entered in relation to the Settlement. EXCEPT THAT the claims alleged by the shareholder plaintiff in the Derivative Case are not Settled Claims.

25. "Settled Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that (i) have been or could have been asserted in the Litigation by Defendants, or any of them, or the successors and assigns of any of them, against any of the Lead Plaintiffs, Settlement Class Members, or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Litigation or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions. "Settled Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation or any order or judgment of the Court entered in relation to the Settlement.

26.     "Settlement Class" and "Settlement Class Members" mean, for purposes of this Settlement, all Persons who purchased: (a) any Keyuan common stock during the period from August 16, 2010 through and including October 7, 2011, and/or (b) any Keyuan securities pursuant to the confidential private offering memorandum dated March 22, 2010, consisting of purchasers in the first tranche that closed on April 22, 2010 and the second tranche that closed on May 18, 2010, and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants, TriPoint Global Equities, LLC ("TriPoint"), the present and former officers and directors of Keyuan or TriPoint and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant or excluded person has or had a controlling interest.   Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation

27.     "Settlement Class Distribution Order" means the order entered by the Court, upon application of Lead Plaintiffs' Counsel following the occurrence of the events identified in paragraph D.13. below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

28.     "Settlement Class Period" means the period from August 16, 2010 through October 7, 2011, inclusive.

29.     "Settlement" means the resolution of the Litigation in accordance with the terms and conditions of this Stipulation.

30.     "Settlement Amount" means a fund in the amount of $2,650,000.00 (Two Million Six Hundred Fifty Thousand Dollars).

31.     "Settlement Hearing" means the final hearing to be held by the Court to determine:  (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order and judgment approving the Settlement and dismissing the Litigation with prejudice should be entered thereon; (4) whether the allocation of the Settlement Fund should be approved; and (5) whether the application for an award of Attorneys' Fees and Expenses and/or an Award to Lead Plaintiffs should be approved.

32.     "Unknown Claims" means (a) any and all Settled Claims that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement including, but not limited to, the decision to enter into the Stipulation and Settlement and/or the decisions not to object to or opt out of the Settlement, provided such claim arises out of or relates to the purchase or sale of Keyuan securities, and (b) any Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law, rule or regulation of any state or territory of the United States or of any other nation or other governmental unit or entity, or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

**B.     SETTLEMENT CONSIDERATION, RELEASES AND BAR ORDER**

1.     **Consideration by Defendants**.

a.     In consideration of the dismissal of the Litigation with prejudice and of the release of the Settled Claims by the Lead Plaintiffs and the Settlement Class Members and the other undertakings of the Lead Plaintiff and the Settlement Class Members provided for herein, and subject to the terms of this Stipulation, Keyuan shall cause its insurer to pay the sum of $2,650,000.00 (Two Million Six Hundred Fifty Thousand Dollars) into the Escrow Account within fifteen (15) business days after the Court enters the Preliminary Approval Order.  That payment shall constitute the Settlement Amount.

b.     Within ten (10) business days after this Stipulation is filed with the Court, Keyuan shall produce the Discovery Materials in its possession to Lead Plaintiffs' Counsel.  The Discovery Materials can only be used by Lead Plaintiffs and/or Lead Plaintiffs' Counsel in and for the purpose of prosecuting the Auditor Case, and Lead Plaintiffs and Lead Plaintiffs' Counsel agree to otherwise maintain the confidentiality of the Discovery Materials.  To the extent the Discovery Materials are used in the Auditor Case, Keyuan and Lead Plaintiffs' Counsel will cooperate as reasonably necessary in order to authenticate the Discovery Materials and/or to establish the Discovery Materials as Keyuan's business records, if necessary.  In addition, before using or producing any of the Discovery Materials in the Auditor Case, Lead Plaintiffs and Lead Plaintiffs' Counsel

shall take all necessary and reasonable steps to ensure that the other parties to the Auditor Case shall be bound to protect the confidentiality of the Discovery Materials and shall request that any Discovery Materials to be filed with the court presiding over the Auditor Case be filed under seal.

2.     **Release of Claims**

a.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and of all Settled Claims as against all Released Parties and any and all Defendants' Claims as against the Lead Plaintiffs, the Settlement Class Members, and their attorneys.

b.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Lead Plaintiffs and the Settlement Class Members, and each of them, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall release and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all of the Settled Claims and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, except claims to enforce any of the terms of this Stipulation.  Further, the Lead Plaintiffs and the Settlement Class Members, and each of them, on behalf of themselves and each of their current, past and future trusts, estates, beneficiaries, heirs, executors, administrators,

trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, expressly covenant not to assert any claim or action against any of the Released Parties that: (i) arises out of or relates to the purchase, acquisition, holding, disposition, or sale of Keyuan securities, or (ii) that could have been alleged, asserted, or contended in any forum by the Lead Plaintiffs, the Settlement Class Members, or any of them, against any of the Released Parties, arising out of or relating to the purchase, acquisition, holding, disposition, or sale of Keyuan securities, and shall forever be enjoined from commencing, instituting, and/or prosecuting any such claim.

c.      Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Defendants shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

3.      **Settlement Discharge and Bar Order**.  At the time of or prior to the Settlement Hearing, the parties to this Stipulation shall submit for entry by the Court, if the Court approves the Settlement provided for herein, a Bar Order pursuant to Section 201(a)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7), providing for the maximum protection to which the Released Parties are entitled under the law with respect to the discharge and bar of all future claims for contribution and/or indemnity by other Persons, arising out of or in any way related to the Litigation, whether under federal, state or common law, or any other principle of law or equity.  The Bar Order to be entered by the Court as part of the Order and Final Judgment shall be substantially in the following form:

a.       All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws, state law, foreign law or common law, in favor of any Person(s), including but not limited to the Auditor Defendants and any other present or future parties in the Auditor Case, against any of the Defendants and other Released Parties, with respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

b.       All Persons, including but not limited to the Auditor Defendants and any other present or future defendants in the Auditor Case, are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and the Court finds that all such claims are extinguished, discharged, satisfied and made unenforceable.

c.       In accord with the principles of 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any non-settling defendant in the Auditor Case, including but not limited to any of the Auditor Defendants, the verdict or judgment against such Person shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of the Released Parties; or (b) the Settlement Amount.

d.       Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to

indemnification by any present or former employee, officer or director of Keyuan, based on contractual indemnity, corporate by-laws, or Nevada law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of Keyuan for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and Settlement and the Court's Order and Final Judgment.  Nor shall any of the foregoing apply to, bar, release or otherwise affect any rights or claims by any of the Released Parties under any relevant insurance policies, including but not limited to Navigators Insurance Company policy number NY10DOL612772IV and all similar and/or related directors' and officers' insurance policies

### C.     ADMINISTRATION OF THE SETTLEMENT FUND

1.     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation and order of the Court; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Lead Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court.  The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

2.     Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Lead Plaintiffs and the Settlement Class until the Effective Date. Until the date the Order and Final Judgment is entered, all payments made from the Settlement

Fund, except Notice and Administration Expenses, shall require the signature of an authorized representative of the Escrow Agent. After the Order and Final Judgment is entered, payments made from the Settlement Fund shall require the signature of an authorized representative of the Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses, and the Attorneys Fee and Expenses (which shall be paid to Lead Plaintiffs' Counsel within two business days after the Court executes an order awarding such fees and expenses), the Settlement Fund shall not be distributed until the Effective Date.  The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Court.

3.      The Escrow Agent may invest any funds in excess of $150,000 in an interest bearing account, and shall collect and reinvest all interest accrued thereon.  Any funds held in escrow in an amount of less than $150,000 may be held in a bank account insured to the extent possible by the FDIC.  Interest earned on the money deposited into the Escrow Account shall be part of the Gross Settlement Fund.

4.      The Notice and Administration Expenses shall be paid from the Gross Settlement Fund.  In order to pay Notice and Administration Expenses, $100,000 from the Gross Settlement Fund shall be designated as the Notice and Administration Account upon the entry of the Preliminary Approval Order.  Any monies from the Notice and Administration Fund that remain after administration shall be returned to the Net Settlement Fund.   The Notice and Administration Account may be drawn upon by Lead Plaintiffs' Counsel for reasonable and

appropriate Notice and Administration Expenses without further Court approval.  The Notice and Administration Account shall be administered solely by the Escrow Agent.  Any taxes or other expenses incurred in connection with the Notice and Administration Account shall be paid from the Notice and Administration Account or from the remainder of the Gross Settlement Fund.  The Released Parties shall not have any liability or obligation for payment of taxes or other expenses associated with the Notice and Administration Account.  Notice and Administration Expenses in excess of $100,000 shall not be paid out of the Gross Settlement Fund until after the Effective Date and shall require the approval of the Court.  In no event shall an amount more than the Settlement Amount be paid for Notice and Administration Expenses, and in no event shall the Released Parties be responsible to pay any amount for Notice and Administration Expenses.

5.      Defendants shall have access to all records of the Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

6.      After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund.  The Released Parties shall not be liable at any time for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the investment or maintenance of the Gross Settlement Fund or for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

D.      **ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

1.     The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund to the Settlement Class Members, under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court.  The Released Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

2.     Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.     To the extent not paid from the Notice and Administration Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Settlement Class Members, administering and distributing the Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.     Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

c.     After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Plaintiffs' Counsel shall file a motion for distribution of the Settlement Fund with the Court listing each Authorized Claimant, the amount of each claim that Lead Plaintiffs' Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.      Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-3 hereto, which *inter alia* releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owner(s) and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and the Order and Final Judgment, including, without limitation, the certification of the Settlement Class, the release of the Settled Claims and dismissal with prejudice of the Litigation.  Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.      Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, under the supervision of Lead Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.  No later than seven (7) days prior to disbursement of the Net Settlement Fund, Lead Plaintiffs' Counsel shall provide Defendants with a list of Proofs of Claim received by the Claims Administrator indicating which Proofs of Claim have been allowed by the Claims Administrator.

6.      Following notice to Defendants' counsel, Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.      Proofs of Claim that do not meet the filing requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.8. below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by paragraph D.7. above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning

a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.     The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' counsel, for approval by the Court in the Settlement Class Distribution Order.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.   No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

11.     Payment pursuant to this Stipulation or order of the Court shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members who fail to submit claims or whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Litigation and the releases and dismissal provided for herein, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.     All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred:  (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration (including, but not limited to, all Taxes and Tax Expenses) have been paid.

14.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian non-profit organization or charity selected by Lead Plaintiffs' Counsel and approved by the Court.

15.     Before the Effective Date, Lead Plaintiffs' Counsel shall file with the Court a declaration under penalty of perjury describing how notice of the Settlement was given to the Settlement Class and listing the names and addresses of all persons to whom individual notice of the Settlement was mailed.

E.     **TAX TREATMENT**

1.     The Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created.  In addition, the Escrow Agent and, as required, the Settling Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Plaintiffs' Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Plaintiffs' Counsel.  Lead Plaintiffs' Counsel shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k).  Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross

Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3. hereof.

3.    All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund.  In all events, the Released Parties shall have no liability for Taxes and/or the Tax Expenses, and Lead Plaintiffs and Lead Plaintiffs' Counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Settlement Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1468B-2(l)(2)).  The Released Parties shall have no responsibility or liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

**F.      ALLOCATION OF NET SETTLEMENT FUND**

1.      The proposed Plan of Allocation is based solely upon Lead Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2.      Defendants have had no role in formulating the proposed Plan of Allocation and do not and shall not take any position as to the proposed Plan of Allocation.

3.      The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4.      Defendants shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation, the Order and Final Judgment, and any other applicable order to be entered by the Court.  No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the determination, administration, calculation, or payment of claims to Settlement Class Members and/or any distributions from either the Gross Settlement Fund or the Net Settlement Fund.

5.      No Authorized Claimant shall have any claim against Lead Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      The proposed Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of the Stipulation that the proposed Plan of Allocation be approved by the

Court.  Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

**G.     OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT**

1.     The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this Stipulation.  The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

**H.     LEAD   PLAINTIFFS'   COUNSEL'S   REQUEST   FOR   AN   AWARD   OF ATTORNEYS' FEES AND EXPENSES**

1.     Lead Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to one-third of the Settlement Amount; (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Litigation; and (iii) an Award to Lead Plaintiffs (for reimbursement of time and expenses).

2.     Any Attorneys' Fees and Expenses and Award to Lead Plaintiffs awarded by the Court shall be paid from the Gross Settlement Fund within two business days after the Court enters an order awarding such fees and expenses.  Lead Plaintiffs' Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner in which Lead Plaintiffs' Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.  If, and when, as a result of any appeal and/or

further proceedings on remand, or successful collateral attack, the Attorneys' Fees and Expenses award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Settlement Class, then, within five (5) business days from receiving notice from Keyuan's counsel or from a court of appropriate jurisdiction, Lead Plaintiffs' Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

3.      Lead Plaintiffs' Counsel waives the right to make an additional application or applications for payment from the Gross Settlement Fund for fees and expenses incurred after the Settlement Hearing, provided that the original application was approved by the Court. The other Settling Parties shall take no position on any application concerning Lead Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Award to Lead Plaintiffs.

4.      It is agreed that the procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating thereto, or reversal or modification thereof, shall not operate to

terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement.

5.      The Released Parties and their counsel have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiffs' counsel from the Settlement Fund.  The Released Parties and their counsel shall have no responsibility for, and no liability whatsoever with respect to the allocation among Plaintiffs' counsel, and/or any other Person who may assert some claim to, any Attorneys' Fees and Expenses award that the Court may make in the Litigation.

## I.      THE PRELIMINARY APPROVAL ORDER

1.      Promptly after execution of this Stipulation, Lead Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing.  The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in:  (i) the Notice of Pendency and Settlement of Class Action (the "Notice") (Exhibit A-1 to the Preliminary Approval  Order);  (ii) the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).

2.      The Released Parties are not liable or responsible for the method of providing or delivering, or representations made in, the Notice and the Summary Notice.

## J.      ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT
##         APPROVING THE SETTLEMENT

1.      Defendants and Lead Plaintiffs shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto, including the Bar Order as set forth above in Section B.3 hereof.

## K.      CONDITIONS OF SETTLEMENT

1.      The Effective Date of the Settlement shall be conditioned upon the occurrence of ALL of the following events:

a.      The Court shall enter the Preliminary Approval Order in all material respects, as required by paragraph I. above;

b.      No party shall have exercised within the required time period any right to terminate the Settlement as permitted by paragraph L. below;

c.      The Court shall enter the Order and Final Judgment in all material respects, as required by paragraph J. above;

d.      The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.9.;

e.      The sum of $2,650,000 (Two Million Six Hundred Fifty Thousand Dollars) shall have been paid, as set forth in paragraph B.1. above; and,

f.      Keyuan shall have produced the Discovery Materials to Lead Plaintiffs' Counsel.

2.      Upon occurrence of ALL of the events referenced in paragraph K.1. above, Lead Plaintiffs shall have, and each and all of the members of the Settlement Class shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever, released, settled, and discharged, in accordance with the terms of paragraph B. above,

the Released Parties from and with respect to the Settled Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

## L.   RIGHTS OF TERMINATION AND EFFECTS THEREOF

1.   The Settling Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel of the Settling Parties within twenty (20) days after the date on which any of the following occurs:

a.   the Court declines to grant preliminary approval of the Settlement and/or declines to enter the Preliminary Approval Order in any material respect;

b.   the Court declines to approve this Stipulation or any material part of it;

c.   the Court declines to enter the Order and Final Judgment in all material respects as required by paragraph J. above;

d.   the Court declines to enter the Bar Order as set forth above in Section B.3 of this Stipulation;

e.   the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court; or

f.   in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the Supreme Court.

2.   If prior to the Settlement Hearing, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary

Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased Keyuan securities during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), or (ii) any Person(s) who would otherwise be Settlement Class Members file one or more lawsuits alleging fraud in connection with the purchase of an aggregate amount of Keyuan securities that exceeds the amount of Keyuan securities specified in the Supplemental Agreement, then the Settling Defendants and Lead Plaintiffs each shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Settling Defendants no later than twenty-one (21) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

a.      To exercise the Opt-out Termination Option, a Settling Defendant or Lead Plaintiff must serve written notice, signed by the party's respective counsel, upon counsel for the other Settling Parties, not less than fourteen (14) days before the Settlement Hearing;

b.      If a Settling Defendant or Lead Plaintiff exercises the Opt-out Termination Option as provided herein, this Stipulation shall be null and void, and the provisions of paragraph L. hereof shall apply.

3.      If the Settlement Amount payable pursuant to paragraph B.1. of this Stipulation is not paid, then the Lead Plaintiffs, in their sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, to terminate the Settlement by providing written notice to the Settling Parties.   Settling Defendants may not terminate the Settlement if the Settlement Amount is not paid.

4.      Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Settlement Class pursuant to the terms of the Stipulation (the "Returned Settlement Amount"), to Defendants' Insurer, Navigators Insurance Company, within ten (10) business days thereafter.

5.      If this Stipulation is terminated pursuant to its terms, and at the request of any Settling Defendant or Lead Plaintiff, the Escrow Agent or his designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants' Insurer, Navigators Insurance Company.

6.      If this Stipulation is terminated pursuant to its terms, or fails to become Effective for any reason whatsoever, all of the Settling Parties shall be deemed to have reverted to their respective legal status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation, except that the provisions of paragraphs E.1-3., G, L.4-7., M.10-12., and M.14. shall survive termination.

7.     No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation, or the amount of any Attorneys' Fees and Expenses award, or the amount of any Award to Lead Plaintiffs, awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

## M.     MISCELLANEOUS PROVISIONS

1.     The Settling Parties: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.     The Settling Parties acknowledge and warrant as follows:

a.     By executing this Stipulation, each of the Settling Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.     By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without the consent, approval, or authorization of any person, board, entity, tribunal, or other regulatory or governmental authority;

c.     By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement,

covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected.

d.      By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, non-monetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation.

e.      By executing this Stipulation, each of the Settling Parties represents that no representations or promises of any kind or character have been made by any other Settling Party, Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided herein.

f.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained herein.

g.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims.

h.      By executing this Stipulation, each of the Settling Parties represents that they have had the opportunity to be represented by counsel of their choice throughout the

negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

i.      By executing this Stipulation, each of the Settling Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

3.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

4.      No amendment or modification of this Stipulation shall be effective unless in writing and signed by the Settling Parties or their successors-in-interest.

5.      This Stipulation, and the exhibits attached hereto, constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

6.      Except as otherwise provided herein, each Settling Party shall bear its own costs. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Parties shall have no obligation or liability whatsoever with respect to the amount or payment of said Attorneys' Fees and Expenses.

7.      Lead Plaintiffs' Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class.

8.      The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

9.      This Stipulation may be executed in one or more original, photocopied, or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  The Settling Parties shall exchange among themselves original signed counterparts of this Stipulation, and a complete set of executed counterparts of this Stipulation shall be filed with the Court.

10.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, beneficiaries, trustees, and legal representatives of the Settling Parties.  No assignment shall relieve any party hereto of any obligations hereunder.

11.     All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

12.     The Lead Plaintiffs, on behalf of themselves and each member of the Settlement Class, and the other Settling Parties hereby irrevocably submit to the jurisdiction of the Court solely for the specific and limited purpose of resolving any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation.  The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, Awards to Lead Plaintiffs, and enforcing the terms of this Stipulation. By entering into this Stipulation and Settlement, the Settling Parties are not, and may

not be deemed to be, submitting generally to the jurisdiction of the Court or to the State of New York or for any purpose other than as specifically set forth in this paragraph.

13.     None of the Settling Parties shall be considered to be the drafter of this Stipulation or any provision hereof for purposes of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

14.     This Stipulation and Settlement, whether or not consummated, and any negotiations, proceedings, agreements and orders relating to the Stipulation or the Settlement, and any matters arising in connection with such settlement negotiations, proceedings and agreements:

a.     shall not be described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Plaintiffs in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

b.     shall not be described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the

39

amount that could be or would have been awarded to Lead Plaintiffs or the Settlement Class Members after trial.

15.     The Settling Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Settlement Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, unless the Court's Order and Final Judgment approving the Settlement does not become Final, the Settling Parties agree not to assert in any forum that the Litigation was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  Additionally, the Settling Parties shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation.  The Settling Parties agree that the amount to be paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

16.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

17.     The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party.  No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege

under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

18.     The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth herein.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM. P.A.**

_____

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
*Lead Counsel for Lead Plaintiffs*

**HUNTER TAUBMAN WEISS LLP**

_____

Mark David Hunter, Esq.
255 University Drive
Coral Gables, Florida 33134
Tel: 305-629-8816
Fax: 305-629-8877

*Counsel for Defendant Chunfeng Tao*

**DLA PIPER LLP (US)**

_____

Robert D. Weber, Esq.
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California, 90067
Tel: 310-595-3000
Fax: 310-595-3300
*Counsel for Defendant Keyuan
Petrochemicals, Inc.*

**PAUL HASTINGS LLP**

_____

Howard M. Privette
 695 Town Center Drive
17th Floor
Costa Mesa, CA 92626
Tel: (714) 668-6201
Fax: (714) 979-1921
*Counsel for Defendant  Aichun Li*

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
*Lead Counsel for Lead Plaintiffs*

**HUNTER TAUBMAN WEISS LLP**

_____
Mark David Hunter, Esq.
255 University Drive
Coral Gables, Florida 33134
Tel: 305-629-8816
Fax: 305-629-8877

*Counsel for Defendant Chunfeng Tao*

**DLA PIPER LLP (US)**

_____
Robert D. Weber, Esq.
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California, 90067
Tel: 310-595-3000
Fax: 310-595-3300
*Counsel for Defendant Keyuan*
*Petrochemicals, Inc.*

**PAUL HASTINGS LLP**

_____
Howard M. Privette
 695 Town Center Drive
17th Floor
Costa Mesa, CA 92626
Tel: (714) 668-6201
Fax: (714) 979-1921
*Counsel for Defendant Aichun Li*

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
*Lead Counsel for Lead Plaintiffs*

**HUNTER TAUBMAN WEISS LLP**

_____
Mark David Hunter, Esq.
255 University Drive
Coral Gables, Florida 33134
Tel: 305-629-8816
Fax: 305-629-8877

*Counsel for Defendant Chunfeng Tao*

**DLA PIPER LLP (US)**

_____
Robert D. Weber, Esq.
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California, 90067
Tel: 310-595-3000
Fax: 310-595-3300
*Counsel for Defendant Keyuan
Petrochemicals, Inc.*

**PAUL HASTINGS LLP**

_____
Howard M. Privette
695 Town Center Drive
17th Floor
Costa Mesa, CA 92626
Tel: (714) 668-6201
Fax: (714) 979-1921
*Counsel for Defendant Aichun Li*

42