**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL VANLEEUWEN AND RODNEY OMANOFF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>KEYUAN PETROCHEMICALS, INC. CHUNFENG TAO, AICHUN LI a/k/a AICHUN ANGELA LI, ANGELA LI and ANGELA AICHUN LI, WEIFENG XUE, and DELIGHT REWARD LIMITED,<br><br>Defendants. | CASE No.: 1:13-cv-06057 (PAC)<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10-9-15 |

On this 9th day of October, 2015, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 27, 2015 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) Plaintiffs against (ii) Keyuan Petrochemicals Inc., ("Keyuan"), Chunfeng Tao, and Aichun Li (collectively "Settling Defendants") and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary

Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on Strategic Claims Services' website; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

3. For purposes of this Settlement, this is a class action on behalf of all persons who purchased (a) Keyuan common stock from August 16, 2010 through October 7, 2011, inclusive, and/or (b) Keyuan securities pursuant to the confidential private offering memorandum dated March 22, 2010 consisting of purchasers in the first tranche that closed on April 22, 2010 and the second tranche that closed on May 18, 2010, and who were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, TriPoint Global Equities, LLC ("TriPoint"), the present and former officers and directors of Keyuan or TriPoint and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant or excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Litigation and the operative Third Amended Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors,

administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall and by operation of this Order and Final Judgment are hereby deemed to have fully, finally, and forever released, relinquished and discharged, and are forever enjoined from prosecuting, any and all of the Settled Claims and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund,

8. Upon the Effective Date, Defendants shall release and forever discharge each and every one of the Settled Defendants' Claims, and by operation of this Order and Final Judgment shall be forever enjoined from prosecuting Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

9. Any order on any Plan of Allocation submitted by Lead Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Order and Final Judgment.

10. In accordance with 15 U.S.C. § 78u-4(f)(7) and all other applicable laws and regulations, any and all claims by any Person against any of the Settling Defendants and/or other Released Persons for contribution or indemnification arising out of or relating in any way to any Settled Claim, or where the alleged damage to the claimant is measured by reference to the claimant's liability to any of the Lead Plaintiffs and/or Settlement Class Members, are hereby permanently barred and discharged. Further:

(a) All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws, state law, foreign law or common law, in favor of any Person(s), including but not limited to the Auditor Defendants and any other present or future parties in the Auditor Case, against any of the Defendants and/or other Released Parties, with respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

(b) All Persons, including but not limited to the Auditor Defendants and any other present or future defendants in the Auditor Case, are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and/or other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and the Court finds that all such claims are extinguished, discharged, satisfied and made unenforceable.

(c) In accord with the principles of 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any non-settling defendant in the Auditor Case, including but not limited to any of the Auditor Defendants, the verdict or judgment against such Person shall be reduced by the greater of: (a) an

5

amount that corresponds to the percentage of responsibility of the Released Parties; or (b) the Settlement Amount.

(d) Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to indemnification by any present or former employee, officer or director of Keyuan, based on contractual indemnity, corporate by-laws, or Nevada law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of Keyuan for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and Settlement and the Court's Order and Final Judgment. Nor shall any of the foregoing apply to, bar, release or otherwise affect any rights or claims by any of the Released Parties under any relevant insurance policies, including but not limited to Navigators Insurance Company policy number NY10DOL612772IV and all similar and/or related directors' and officers' insurance policies.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be

6

evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Plaintiffs in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

(b) described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the amount that could be or would have been awarded to Lead Plaintiffs or the Settlement Class Members after trial.

13. Exclusive and specific jurisdiction is hereby retained over Settling Defendants, the Lead Plaintiffs, and the Settlement Class Members for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling Parties shall not be deemed to be have submitted generally to the jurisdiction of the Court or to the State of New York or for any purpose other than as set forth in this paragraph.

14. Without further order of the Court, Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and/or Award to Lead Plaintiffs.

17. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.4-7., M.10-12., and M.14. in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

Dated: *October 9*, 2015

*Paul A. Crotty*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

8

**EXHIBIT A- Parties Excluded From Settlement**

James W. McDaniel